## REEVES *v.* SCULLY.

Where a mortgage was given accompanying a promissory note, and they were assigned before due to a *bona fide* endorsee, *held*, that he was not affected by any equities existing between the original parties. It would have been otherwise, if a bond had been given instead of the note.

THE bill was filed to foreclose a mortgage for $900, payable in one year, accompanied by a promissory note payable to the mortgagee, Hawkins, or order. Hawkins endorsed the note, and assigned the mortgage to Scully, before the note was due. The mortgage and note were given to Hawkins, to secure him in paying defendant's debts; and Hawkins, as appeared from the evidence, had, at different times, paid money for Scully, to the amount of $788. Reeves was a *bona fide* holder of the note and mortgage, and did not know the object for which they were given to Hawkins, when he took an assignment of them.

THE CHANCELLOR. The decree must be entered for the amount of the note and mortgage. Reeves, as *bona fide* endorsee of the note, was not affected by the equities existing between Hawkins and Scully. It would have been otherwise, if a bond, instead of a note, had been given with the mortgage.